DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Julius Toth, et al., | ) | |
| | ) | CASE NO. 5:08 CV 1015 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Bruce Searle, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case was originally filed in the Summit County Court of Common Pleas alleging claims against defendant Bruce Searle ("Searle") for failure to pay a promissory note, and against defendants Searle and Earthwise Innovations, Inc. ("Earthwise Ohio") for failure to pay rent due and failure to re-pay money lent.  Plaintiff Julius Toth ("Toth") is a citizen of the State of Ohio and plaintiff Toth Group. Inc. ("Toth Group"), is an Ohio corporation.  Defendant Searle is a citizen of the State of Washington and defendant Earthwise Ohio is an Ohio corporation.

Defendants removed the case from the Summit County Court of Common Pleas on the basis of diversity of citizenship "between the properly joined parties."  Document 1, par. 3. In the Notice of Removal, defendants maintain that plaintiffs fraudulently joined defendant Earthwise Ohio "for the sole purpose of avoiding or defeating diversity jurisdiction in the federal courts."  *Id*.  Defendants contend that Earthwise Ohio has been fraudulently joined because plaintiffs have not alleged facts that create liability on the part of Earthwise Ohio.

(5:08 CV 1015)

Plaintiffs subsequently filed a motion for remand and for costs, expenses and attorney fees (Document 7). Plaintiffs argue that the complaint alleges a colorable basis for recovery against both of defendants, and therefore, Earthwise Ohio has not been fraudulently joined. As a result, complete diversity does not exist and the case should be remanded to state court. Defendants have opposed plaintiffs' motion for remand (Document 14) and plaintiffs have replied (Document 19).

For the reasons discussed herein, plaintiffs' motion to remand is granted.

## I. FACTS

This case involves a complicated business relationship between the parties that has soured. What little documentation exists of the business relationship is unclear at best. There are multiple business entities involved in the business relationship utilizing the name "Earthwise," and it is not always clear to which Earthwise entity the documents refer.

Under the controlling law of the Sixth Circuit regarding fraudulent joinder, discussed *infra*, the district court must resolve disputed questions of fact in favor of the non-removing party. Therefore, for purposes of the Court's analysis regarding remand, contested facts will be construed in favor of the plaintiffs.

A.      Count 1 - Promissory Note

The parties do not dispute that Searle signed a promissory note to Toth Group for $50,000 on May 2, 2007. At this time, plaintiffs do not contend that Earthwise Ohio is liable for

2

(5:08 CV 1015)

the balance due on the promissory note signed by Searle.[1]  Accordingly, the Court will not further address Count 1 in its analysis regarding plaintiffs' motion to remand.

B.     Count 2 - Rent Due

The parties also do not dispute that there was an oral lease for space owned by plaintiffs at 154/156 Norton Avenue in Barberton Ohio.  However, there is a factual dispute regarding why the space was leased, who occupied the space, what the space was used for, when the space was vacated, and whether rent is owed.

According to plaintiffs, the lease period was from the "latter half of 2006" through "the first seven months of 2007." [2] *See* Document 8-2, p. 7.  The parties do not dispute that Earthwise Ohio was incorporated on February 23, 2007, and agree that Earthwise Ohio was incorporated before the space was vacated.

In support of their motion to remand, plaintiffs provided both sworn affidavits and documentary evidence that Earthwise Ohio utilized the Norton Avenue space.  According to Toth and Toth Group's Business Manager, William Lesch, the leased space was used by both

---

[1] *See* Plaintiffs' reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion to Remand. Document 19, p. 4.

[2] Searle contends that he vacated the property on April 30, 2007. *See* Document 14-2, par. 5.

3

(5:08 CV 1015)

Searle and Earthwise Ohio.[3]  Searle contends that he did not use the leased property to conduct the business of Earthwise Ohio.[4]

C.      Count 3 - Money Lent

The parties do not dispute that plaintiffs purchased products and equipment in the sum of $43, 340.41.  Baren Home Appliance Technology ("Baren") is one of the businesses from whom plaintiffs purchased these products and equipment.

Plaintiffs argue that the products and equipment were purchased for both Searle and Earthwise Ohio, and therefore both are jointly responsible for repayment of the monies advanced by plaintiffs for these goods.  In support of their claim, plaintiffs offer the affidavit of Toth and  a pro forma invoice from Baren to Earthwise Ohio for shipment of the equipment to Cleveland, Ohio.[5]

However, defendants contend that the purchase of this equipment had nothing to do with Earthwise Ohio, but that the arrangement regarding the business equipment was between Toth, Searle, and another Earthwise company incorporated in Nevada, referred to as Earthwise Nevada.[6]  The defendants go on to argue that the use of Earthwise Ohio's name on Baren's

---

[3] *See* Declaration of Julius Toth (Document 8-2), par. 6; Declaration of William Lesch (Document 19-2), par. 7.
           In addition to the affidavits of Toth and Lesch, plaintiffs have provided a UPS label and first class envelope addressed to Earthwise Innovations, Inc. [Earthwise Ohio] at the Norton Avenue address which Lesch avers he discovered at that location.  *See* Document 19-2, par. 8-9, & pp.7-8.

[4] *See* Document 14-2, par. 7.

[5] *See*  Declaration of Julius Toth (Document 8-2), par. 9, and Document 8-2, p. 8.

[6] There is a multiplicity of Earthwise companies involving Toth and Searle with names that are similar.

4

(5:08 CV 1015)

invoice indicating shipment to Cleveland was a mistake and cannot be used to establish a colorable basis for a claim against Earthwise Ohio for repayment of money lent.

## II. LAW AND ANALYSIS

A.    <u>Fraudulent Joinder</u>

Federal diversity jurisdiction exists only when the parties on one side of the litigation are of a different citizenship from all of the parties on the other side of the litigation.  The party seeking to remove a case to federal court bears the burden of establishing complete diversity. *Coyne v. American Tobacco Company*, 183 F.3d 488, 492-493 (6th Cir. 1999).

Fraudulent joinder of non-diverse defendants will not defeat removal on the basis of diversity jurisdiction.  However, in order to prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."  *Id*. at 493 (citing *Alexander v. Electronic Data Systems*. 13 F.3d 940, 949 (6th Cir. 1994)("There can be no fraudulent joinder unless it be clear that there can be no recovery [against non-diverse defendants] under the law of the state on the cause alleged or on the facts in view of the law . . ."(internal quotations omitted)).

Disputed questions of fact and ambiguities in controlling state law must be resolved in favor of the non-moving party.  *Id.*   If there is a "colorable basis" for predicting that plaintiffs may recover against non-diverse defendants, then the case must be remanded to state court.  *Id*. All doubts as to the propriety of removal must be resolved in favor of remand.  *Id.*

5

(5:08 CV 1015)

B.      Plaintiffs' Claims Against Earthwise Ohio

    1.      Count 2 - Rent Due

Accepting plaintiffs' facts for the purpose of fraudulent joinder analysis, both Searle Earthwise Ohio occupied and utilized the Norton Avenue rental space.  Plaintiffs argue that because there was no written lease, Earthwise Ohio and Searle are jointly obligated for rental obligations due.

However, defendants maintain that even if Earthwise Ohio occupied the Norton Avenue space, Earthwise Ohio was "at best" a sublessee against whom a lessor cannot maintain a cause of action in Ohio, and cite *Mark-It place Foods, Inc. v. New Plan Excel Realty Trust, Inc*., 804 N.E.2d 979 (Ohio App. 4 Dist. 2004) in support.  However, plaintiffs point out that there is no evidence of a sublessee relationship between Searle and Earthwise.  To the contrary, plaintiffs argue that the facts show that Earthwise Ohio occupied the Norton Avenue space and  was in privity with Searle, and therefore responsible for unpaid rent due.

There is a fact dispute between the parties regarding whether and in what capacity Earthwise Ohio occupied the Norton Avenue rental space.  It is not clear that there can be no recovery by plaintiffs under Ohio law against Earthwise Ohio for unpaid rent on the facts alleged.  The Court finds that defendants have not established that plaintiffs have no colorable basis for recovery against Earthwise Ohio.  Therefore, with respect to Count 2, defendants have failed to carry their burden to establish complete diversity on the basis of fraudulent joinder and the case must be remanded.

(5:08 CV 1015)

2.      Money Lent[7]

Defendants argue in opposition to remand that Baren's invoice to Earthwise Ohio for products (for which plaintiffs advanced payment) to be shipped to Cleveland, Ohio was a mistake, and that "[p]laintiffs do not establish a colorable basis for a claim against Earthwise Ohio for money lent."[8]  However, the burden is on defendants, not plaintiffs, to establish fraudulent joinder by showing that it is clear that there can be no recovery against the non-diverse defendant.  It remains for a fact-finder to determine if the Baren invoice to Earthwise is a mistake.

With respect to Count 3 for money lent, the Court finds that defendants have not established that plaintiffs have no colorable basis for recovery against Earthwise Ohio.  Any doubts about the propriety of removal must be resolved in favor of remand.  Defendants  have failed to carry their burden to establish complete diversity on the basis of fraudulent joinder and the case must be remanded.

III.  COSTS AND ATTORNEY FEES

A.      Plaintiffs' Motion for Costs and Attorney Fees

Plaintiffs have also moved the Court pursuant to 28 U.S.C. § 1447(c) for costs and attorney fees incurred by plaintiffs to defend against defendants' "misplaced removal" of this case.  Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

---

[7] Although the Court has held that this case should be remanded based on its analysis of Count 2 of plaintiffs' complaint for rent due, the Court will nevertheless briefly analyze Count 3 for repayment of money lent.

[8] Memorandum in Opposition to Plaintiffs' Motion to Remand (Document 14), p. 8.

7

(5:08 CV 1015)

removal." Defendants opposed plaintiffs motion on the grounds that even if the Court were to determine remand is appropriate, an award of attorney fees and costs is inappropriate because their attempt to remove the action is fairly supportable.

B.     Law and Analysis

The United States Court of Appeals for the Sixth Circuit has applied the standard for a fee award under § 1447(c) set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*[9] *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). The *Martin* Court held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Chase Manhattan* at 914 (quoting *Martin*, 546 U.S. at 141).

The defendants' burden to prove fraudulent joinder and establish complete diversity in order to support federal diversity jurisdiction is a heavy one. The Court's finding that defendants did not meet this burden and the case must be remanded does not automatically mean that the defendants lacked an objectively reasonable basis for seeking removal.

The standard for fraudulent joinder analysis requires the Court to resolve disputes of fact and law in favor of the non-moving party and resolve doubts about the propriety of removal in favor of remand. There is significant disagreement among the parties regarding the facts of their prior business relationship, and the ability of either side to prevail at trial will depend upon the determinations of the trier of fact. The facts alleged by defendants, if determined to be true by a factfinder, may ultimately defeat plaintiffs' claims.

---

[9] 546 U.S. 132, 126 S.Ct. 704 (2005).

(5:08 CV 1015)

Accordingly, the Court does not find that the defendants lacked an objectively reasonable basis for removal.  Therefore, plaintiffs' motion for attorney fees and costs is denied.

IV. CONCLUSION

For the reasons set forth herein, plaintiffs' motion to remand this case to the Summit County Court of Pleas (Document 7) is granted.  Plaintiffs' motion for costs and attorney fees, also contained in Document 7, is denied.

The Clerk is ordered to remand this case to the Summit County Court of Common Pleas. The Court will separately publish a Judgment Entry remanding this case to the Summit County Court of Common Pleas and denying plaintiffs' motion for attorney fees and costs.

IT IS SO ORDERED.


  July 21, 2008                                        *S/ David D. Dowd, Jr.*
Date                                                    David D. Dowd, Jr.
                                                       U.S. District Judge

9